IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20744 JUDGE LENARD

JOHN B. THOMPSON,

       Plaintiff,

v.

FLORIDA SUPREME COURT,

       Defendant.

and

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21493,  JUDGE JOAN LENARD/MAGISTRATE GARBER


JOHN B. THOMPSON,

       Plaintiff,

v.

STATE OF FLORIDA AND
DAVA J. TUNIS,

       Defendants.


**SUPPLEMENT TO MOTIONS FOR RECONSIDERATION IN BOTH CASES**

     COMES NOW plaintiff, Thompson, on his own behalf in both of the above

causes, and states:

     Both of these actions have been dismissed, the first by the judge who has actually

been assigned the case, and the second by Judge Ungaro, who entered the dismissal order

for a yet undisclosed reason, despite the fact that the case was not assigned to her.

The first action, *Thompson v. Supreme Court*, seeks declaratory judgment that he hass the right to represent himself in either a civil or criminal proceeding in this state. The US Supreme Court's ruling in *Faretta* guarantees that right in any criminal proceeding, and that ruling is of interest if one believes that a Bar disciplinary proceeding which seeks to deprive an individual for the rest of his life his ability to earn a living as a lawyer is penal in nature and thus at least quasi-criminal. Of course, it is, and *Faretta* applies.

If one believes that a Bar proceeding is civil in nature, then Florida Statute 454.18 applies, which guarantees the right of a citizen to represent himself in any civil proceeding in any Florida state court. Judge Lenard chose to dismiss this "right to represent oneself" action and in doing so utterly ignored the law controlling this case and also the law pertaining to declaratory judgments, which must be granted to those who seek prospective relief for a continuing deprivation of a federal constitutional right.

It appears that as to this first action, *Thompson v. Florida Supreme Court*, this court must believe that Thompson has some sort of remedy other than by declaratory relief. This is not the case.

In *Thompson v. Florida and Tunis,* in which the court (it is unclear if this is Judge Ungaro's order or actually Judge Lenard's order) boldly states that Thompson has a "remedy" for the failure of state judges, who would deny him a living, to be in fact oath-filing judges as mandated by Acts of Congress fulfilling the US Constitutional mandate in that regard.

Plaintiff asks Judge Ungaro what other remedy he has, in light of the attached letter he received *after* she entered her order. It is a letter from Florida Supreme Court Clerk Tom Hall, who seems to believe he is the eighth Justice on the Court.

Thompson had taken the unusual but First Amendment petition clause-protected measure of writing Supreme Court Justice Bell to complain about the Court's denial of Thompson's right to seek in the Supreme Court relief from the Court's a) denial of his *Faretta* and FS 454.18 right to represent himself before it and b) denial of his right to have preside over his disciplinary matter judges who are actually judges. What a novel concept this latter idea is.

What is the Court's response to this? Just read, may it please this court, the letter from Mr. Hall: Not only can Thompson not file anything in the court file. He also cannot communicate with any Justice on the Court by any means.

What, pray tell then, exactly is the "remedy" that Judge Ungaro is referring to in her order? Is it some right to send notes to the Florida Supreme Court via carrier pigeon or by subliminal messages embedded in singing telegrams to the Justices warbled to them on their birthdays?

If Thompson can't petition the very court that has jurisdiction over his Bar discipline about these matters, then whom in the world can he petition? The World Court at the Hague?

What we in fact have here is a federal judiciary which imagines "remedies" that Thompson does not have and which these judges **_know_** he doe not have. Thompson heartily welcomes Judge Ungaro to tell him what "remedy" she is referring to. He will avail himself of it.

If Judge Ungaro had not summarily decided what the facts might be rather than what they are, she would have seen, upon reading the Florida Supreme Court's own docket in *Bar v. Thompson* that the obscurantist Supreme Court ordered Thompson to shut up and bother them no further AFTER HE BROUGHT THE LOYALTY OATH PROBLEM TO THEIR ATTENTION. How could this federal court not know the history of whistle-blowing in this country and the propensity of those within and without government to try to "shoot the messenger?"

In the second federal lawsuit Thompson filed regarding The Bar's bad faith, which fell to Judge Jordan, Barry Richard of Greenberg Traurig solemnly assured the court that under the federal case of *Mason v. The Florida Bar*, Thompson had an *absolute right* to go before the Board of Governors of The Bar to present his constitutional defenses and that the federal court should and must abstain from intervening because Thompson had an "adequate state remedy" under *Mason*. Judge Jordan, upon hearing that, entered an order based solely on abstention, and Judge Ungaro has followed Judge Jordan's lead. She has probably talked with Judge Jordan or read his order in that regard.

Then, upon that case's being dismissed, Thompson wrote Bar President Frank Angones and said, "Okay, now that The Bar says I have an absolute right to appear before the Governors, when do I get to appear?" Frank Angones wrote back and said, "You have no right to appear before the Governors."

Thompson expects, after twenty years of this bait and switch fraud by The Bar, this nonsense from The Bar itself. But he has a right ***not*** to be treated in this cavalier fashion by U.S. District Court Judges who are now taken to dismissing cases before they are even served, as was the case in *Thompson v. Florida and Tunis*.

*__Thompson has no remedy whatsoever before the Florida Supreme Court on either the issue of his right to represent himself nor on his right to have real judges preside over his rights.__*

Both of Thompson's respective motions for reconsideration must be granted in these two cases.

Again, if Judge Ungaro is aware of what Thompson's other remedy is, then please, enter another order telling him what it is.  He would love to know.

I HEREBY CERTIFY that the foregoing has been serve electronically on counsel for defendants, this 15th day of June, 2008.

JOHN B. THOMPSON, Plaintiff
Attorney, Florida Bar #231665
5721 Riviera Drive
Coral Gables, Florida 33146
Phone:  305-666-4366
amendmentone@comcast.net